**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CECILIA E. PRICHARD,<br><br>    Plaintiff,<br><br>vs.<br><br>LONG ISLAND UNIVERSITY,<br><br>    Defendant. | 23 CV. _____ (   )<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff CECILIA E. PRICHARD, by her attorneys, B.K. Robinson Law, P.C., complaining of the defendant herein, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213, and of rights secured by the laws of the City of New York, e.g., the Administrative Code of the City of NY §8-107(1)(a) of the New York City Human Rights Law, and the laws of the State of New York, e.g., New York Executive Law § 290 et seq. the New York State Human Rights Law, which prohibit discrimination based upon, inter alia, disability.  Plaintiff CECILIA E. PRICHARD is a woman of African descent, who is also a United States citizen, who at all times relevant to the allegations made herein suffered from a disability.  Plaintiff CECILIA E. PRICHARD was employed by Defendant LONG ISLAND UNIVERSITY from 23 July 2007 until 19 October 2022 where she last held the position of Financial Aid Counselor.  Plaintiff CECILIA E. PRICHARD reported for work at the Brooklyn campus for Long Island University, located at 1 University Plaza, Brooklyn, N.Y., in the County of Kings of the State of New York.  At all times relevant herein Defendant LONG ISLAND UNIVERSITY was aware that Plaintiff CECILIA E.

PRICHARD was not being treated in a manner that was fair and in compliance with the laws prohibiting discriminatory conduct against her during her period of employment there based upon her known disability. Plaintiff CECILIA E. PRICHARD due to her disability asked for, and was denied, an accommodation allowing her to work from home, where her disability was known to Defendant LONG ISLAND UNIVERISTY, and where there was no showing that the work functions could not be performed remotely, or that she would not be able to perform her work functions remotely.

## JURISDICTION

2.     This action is brought pursuant to the rights secured by the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provision.

3.     Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over all New York State and New York City law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5.     Plaintiff CECILIA E. PRICHARD was and still is a resident of the County of Bronx, City of New York, State of New York.

6.     Plaintiff CECILIA E. PRICHARD is a female United States citizen of African descent, over the age of 18, who suffers from a disability.

7. At all times relevant herein, Defendant LONG ISLAND UNIVERSITY, was, and still is, located in the County of Kings, City of New York and State of New York.

8. At all times relevant herein, the managers, supervisors and employees of Defendant LONG ISLAND UNIVERSITY were acting under the color of state and/or county law in the course and scope of their duties and functions as agents, servants and employees of Defendant LONG ISLAND UNIVERSITY, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of Defendant LONG ISLAND UNIVERSITY at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant LONG ISLAND UNIVERSITY and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant LONG ISLAND UNIVERSITY.

9. Defendant LONG ISLAND UNIVERSITY is an institution of higher education, located, formed and operated in the State of New York, with its headquarters and primary campus situated at 1 University Plaza, Brooklyn, New York 11201.

## STATEMENT OF FACTS

10. Plaintiff CECILIA E. PRICHARD worked for Defendant LONG ISLAND UNIVERSITY as a Financial Aid Counselor, assisting students at LONG ISLAND UNIVERSITY with their financial aid needs for fifteen (15) years. Between 23 July 2007 and October 19, 2022, Plaintiff CECILIA E. PRICHARD worked in the Financial Aid Office of Defendant LONG ISLAND UNIVERSITY, starting as Administrative Assistant to the Dean of Financial Aid for approximately three (3) years and as a Financial Aid Counselor for the remainder of her employment period. During this period, Plaintiff CECILIA E. PRICHARD became aware that she was afflicted with, among other things, end stage renal failure, which resulted in the need for

over ten (10) years of dialysis treatment, and, finally, a kidney transplant in June of 2022. Defendant LONG ISLAND UNIVERSITY was made aware of her condition as early as 2010 and again in August of 2020—at which time she requested a reasonable accommodation allowing her to perform her work duties remotely and was wrongfully denied because LONG ISLAND UNIVERSITY failed to consider her renal issues as a disability justifying the requested reasonable accommodation. Plaintiff CECILIA E. PRICHARD was required to go for treatment of her condition on a regular basis, requiring her to take time off from her work duties. In connection with Plaintiff CECILIA E. PRICHARD's kidney transplant surgery, she applied for and was granted leave under the Family Medical Leave Act ("FMLA") from June 2022 until September 2022. She was not diligently assisted by Jodi Gibbons, Manager of Employee Benefits, at LONG ISLAND UNIVERSITY in applying for FMLA leave. She had to find and file the forms herself despite her requests for assistance directed to Ms. Gibbons, who was known to be the appropriate human resources person. In August of 2023, prior to Plaintiff CECILIA E. PRICHARD's return to work, she again requested consideration of a reasonable accommodation to be implemented when she resumed her duties. This request was also directed to Ms. Gibbons. After reporting to work on 1 September 2022 Plaintiff CECILIA E. PRICHARD suffered sharp pains in her knees, which her medical providers attributed to the recent kidney transplant surgery she had undergone. She was advised by the same medical providers that her medical leave should be extended until January of 2023. On or about 9 September 2022 Defendant LONG ISLAND UNIVERSITY was likewise informed of the medical advice provided to Plaintiff CECILIA E. PRICHARD that she could return to work in January of 2023.

11.     On or about 19 October 2022 Plaintiff CECILIA E. PRICHARD was informed by telephone in a conversation with Jodi Gibbons that she was being terminated because she had

exhausted her FMLA leave time. Ms. Gibbons further informed Plaintiff CECILIA E. PRICHARD, with a giggle or laugh accompanying her delivery, that she could reapply for the position in January of 2023. Plaintiff CECILIA E. PRICHARD subsequently received an email from Ms. Gibbons confirming her termination. As a further indication of the level of disregard accorded to her disability, Plaintiff CECILIA E. PRICHARD did not receive the required notifications and paperwork under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") from October 2022 through February of 2023. She received a second termination notice in February 2023, after which Plaintiff received the required COBRA documentation.

12. There was never a response from LONG ISLAND UNIVERSITY to Plaintiff CECILAI E. PRICHARD's inquiry about the possibility of a reasonable accommodation allowing her to perform her duties remotely, despite her request for the same two (2) months prior to her termination date. Plaintiff was never afforded a meeting with the appropriate personnel at LONG ISLAND UNIVERSITY to determine what, if any, reasonable accommodation could be established in response to Plaintiff CECILIA E. PRICHARD's stated disability. Notably, during the height of the "Pandemic" resulting from the virus that causes COVID-19, Plaintiff CECILIA E. PRICHARD was allowed to perform her duties remotely. Furthermore, despite the assertions made to Plaintiff CECILIA E. PRICHARD, in response to her request for a reasonable accommodation, about LONG ISLAND UNIVERSITY's unwillingness to allow employees to work remotely, other employees of LONG ISLAND UNIVERSITY who suffered from disabling medical issues like cancer and liver disease were allowed to work remotely during their periods of recovery or treatment. At no time did Defendant LONG ISLAND UNIVERSITY offer to provide any accommodations for Plaintiff's documented and qualified medical condition.

13. As a result of the above-mentioned acts of Defendant LONG ISLAND

UNIVERSITY, Plaintiff CECILIA E. PRICHARD suffered discrimination and adverse employment action, as well as mental and emotional anguish.

14.     The above-mentioned acts were all conducted in violation of Plaintiff's statutory rights designed to protect her from such acts, and the acts were perpetrated by agents, servants and employees of Defendant LONG ISLAND UNIVERSITY, which is liable for the discriminatory conduct alleged under a theory of Respondeat Superior.  This is because, among other reasons, Defendant LONG ISLAND UNIVERSITY has tolerated and permitted the conduct alleged herein, and it has failed to maintain a proper system for preventing, reviewing or addressing such violations by its agents, servants and employees.  As a result, its agents, servants and employees were encouraged to believe that they could violate, with impunity, the rights of persons, particularly those with disabilities.

15.     At all times mentioned herein, Defendant LONG ISLAND UNIVERSITY acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's rights.

16.     Plaintiff filed a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") on July 24, 2023, concerning the claims alleged herein. (A copy of the EEOC Charge of Discrimination is annexed hereto as Exhibit "A.")

17.     Plaintiff received a Notice Of Right To Sue (Issued On Request) from the EEOC dated September 19, 2023. (A copy of the EEOC Notice Of Right To Sue is annexed hereto as Exhibit "B.")

**FIRST CAUSE OF ACTION**
**Violation Of The Americans With Disabilities Act**

18. Plaintiff CECILIA E. PRICHARD repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

19. By its conduct as set forth above, Defendant demonstrated that it was motivated in its unlawful actions by reasons of discrimination on the basis of disability against Plaintiff, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213.

20. That by reason of the foregoing, Plaintiff has suffered pecuniary, mental and emotional injuries all to her damage in the sum of One Million Dollars ($1,000,000.00), including punitive damages.

**SECOND CAUSE OF ACTION**
**Violation Of New York City Human Rights Law Prohibiting Disability Discrimination**

21. Plaintiff CECILIA E. PRICHARD repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 20 with the same force and effect as if more fully set forth at length herein.

22. By its conduct as set forth above, Defendant demonstrated that it was motivated in its unlawful actions by reasons of discrimination on the basis of Plaintiff's disability in violation of the Administrative Code of the City of NY §8-107(1)(a) of the New York City Human Rights Law.

23. Pursuant to 28 U.S.C. § 1367, this Court has pendent or supplemental jurisdiction to hear New York State law claims.

24. That by reason of the foregoing, Plaintiff has suffered pecuniary, mental and emotional injuries all to her damage in the sum of One Million Dollars ($1,000,000.00), including punitive

damages.

## THIRD CAUSE OF ACTION
### Violation Of New York State Human Rights Law Prohibiting Disability Discrimination

25.    Plaintiff CECILIA E. PRICHARD repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 24 with the same force and effect as if more fully set forth at length herein.

26.    By its conduct as set forth above, Defendant demonstrated that it was motivated in its unlawful actions by reason of discrimination on the basis of Plaintiff's disability in violation of the New York State Human Rights Law, New York Executive Law § 290 et seq.

27.    Pursuant to 28 U.S.C. § 1367, this Court has pendent or supplemental jurisdiction to hear New York State law claims.

28.    That by reason of the foregoing, Plaintiff has suffered pecuniary, mental and emotional injuries all to her damage in the sum of One Million Dollars ($1,000,000.00).

### JURY DEMAND

29.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following against Defendant as follows:

(1)    On the FIRST CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(2)    On the SECOND CAUSE OF ACTION against Defendant, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(3)    On the THIRD CAUSE OF ACTION against Defendant, compensatory damages in the amount of One Million Dollars ($1,000,000.00);

      (4)      That Plaintiff recover the cost of the suit herein, including reasonable attorney's fees; and

      (5)      That Plaintiff have such other and further relief as this Court shall deem just and proper.

Dated: December 18, 2023
       New York, New York

                              /s/ Brian K. Robinson
                              BRIAN K. ROBINSON, ESQ. (BR 9535)
                              B.K. ROBINSON LAW, P.C.
                              Plaintiff 's Attorneys
                              747 Third Avenue, 32nd Floor
                              New York, New York 10017