# CLIFTON BUDD & DEMARIA, LLP
## ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

February 1, 2024

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

**Via ECF**
Honorable Eric R. Komitee
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Prichard v. Long Island University*, 23-CV-09269(EK)(LB)

Dear Judge Komitee:

This firm represents Defendant Long Island University ("LIU") in this action. In accordance with Section III(B) of Your Honor's Individual Rules of Practice, LIU respectfully requests that the Court schedule a pre-motion conference to discuss its proposed motion to dismiss Plaintiff Cecilia E. Prichard's ("Plaintiff") Complaint pursuant to the Fed. R. Civ. P. 12(b)(6). LIU seeks dismissal of the Complaint as the U.S. Equal Employment Opportunity Commission ("EEOC") did not follow its statutory mandate by issuing a valid right-to-sue notice and, as such, Plaintiff failed to exhaust her administrative remedies.

## BACKGROUND

Plaintiff, a former employee of LIU, asserts claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). (Dkt. 1). In the Complaint, Plaintiff contends that she filed a Charge of Discrimination (the "Charge") with the EEOC on July 24, 2023. (Dkt. 1, ¶ 16, Ex. A). Plaintiff also alleges that she received a Notice of Right to Sue (Issued on Request) ("RTS Notice") from the EEOC, dated September 19, 2023, 57 days after Plaintiff's filing of the Charge. (Dkt., 1, ¶ 17, Ex. B). The RTS Notice provides:

> *Less than 180 days have passed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.*
>
> *The EEOC is terminating its processing of this charge.*

## ARGUMENT

### *Plaintiff Failed to Exhaust Her Administrative Remedies as the Charge Was Not Pending Before the EEOC for 180 Days*

LIU respectfully submits that the Court should dismiss Plaintiff's Complaint for failure to exhaust her administrative remedies under the ADA as the EEOC's issuance of the RTS Notice

**Clifton Budd & DeMaria, llp**

Honorable Eric R. Komitee
February 1, 2024
Page 2

before 180 days had passed since the filing of Plaintiff's Charge is an impediment to proceeding on Plaintiff's ADA claims in federal court.

"The ADA incorporates by reference the procedural requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*." *Parker v. Metropolitan Transp. Authority*, 97 F. Supp.2d 437, 444 (S.D.N.Y. 2000)(citing 42 U.S.C. § 12117). Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, provides in pertinent part:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge....

42 § U.S.C. § 2000e-5(f)(1).  Thus, the statute "has directed the EEOC to give notice to a plaintiff under two sets of circumstances – when a charge is dismissed or when 180 days have passed without…" the EEOC filing a civil action or entering into a conciliation agreement. *Stidhum v. 161-10 Hillside Auto Ave, LLC*, 2021 WL 2634915, *3 (E.D.N.Y. June 25, 2021), *overruled on other grounds*, 2022 WL 1087144 (2d Cir. April 12, 2022).  Neither of these preconditions occurred and, therefore, the EEOC should not have issued the RTS Notice after only 57 days had passed since the filing of the Charge.

Although "District courts within th[e] [Second] Circuit are split on the permissibility of the EEOC's issuance of early right-to-sue letters," the Second Circuit has not addressed this question. *Gibb v. Tapestry, Inc.*, 2018 WL 6329403, at *3 (S.D.N.Y. Dec. 3, 2018); *see Hernandez v. Premium Merch. Funding One*, LLC, 2020 WL 3962108, at *4 (S.D.N.Y. July 13, 2020).  Courts that permit the EEOC's issuance of early right-to-sue letters, rely on the EEOC's regulation, 29 C.F.R. § 1601.28(a)(2), which provides that the Commission may, upon a charging party's request, authorize a private suit:

> [a]t any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided that [an appropriate Commission official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge.

29 C.F.R. § 1601.28(a)(2).

LIU respectfully requests that this Court embrace the statute's clear language and the holding in *Rodriguez*. *Rodriguez v. Connection Tech. Inc.,* 65 F. Supp. 2d 107, 112 (E.D.N.Y. 1999)("remand[ing] plaintiff's claims to the EEOC for compliance with 42 U.S.C. § 2000e–5(f)(1) and to fulfill its 180 day requirement.").  The statute specifically provides for certain situations in which the EEOC shall issue a right-to-sue notice – upon dismissal of the Charge or after 180 days have passed without the EEOC bringing an action or having entered into a conciliation agreement.

**CLIFTON BUDD & DEMARIA, LLP**

Honorable Eric R. Komitee
February 1, 2024
Page 3

The regulation permitting early right-to-sue notices directly contradicts the ADA's statutory mandate and, as such, does not authorize the filing of a lawsuit. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 823–25 (1980).

### *Even if the EEOC May Issue Premature Right-To-Sue Notices It is Still Defective as a Matter of Law Because the EEOC Failed to Comply with the Requirements of its Own Regulations*

Even if the Court concludes that the EEOC had the authority to issue a premature right-to-sue notice to Plaintiff, the RTS Notice is still defective here, where the EEOC issued it automatically, without an investigation. *See* 29 CFR § 1601.28(a)(2). The EEOC must determine, and certify, that it has investigated whether it is capable of completing its processing of the charge within 180 days. 29 CFR § 1601.28(a)(2). That the EEOC issued the RTS Notice so quickly compels the conclusion that the EEOC *did not* conduct any factual inquiry that would allow it to legitimately certify that it could not complete its investigation within 180 days, making the notice invalid. Allowing one party to request an early right-to-sue notice allows them to bypass the administrative process and unduly deprives the other party of the right to participate in the EEOC process. *See, Rodriguez,* 65 F. Supp. 2d at 112 (E.D.N.Y. 1999); *Stafford v. Sealright, Inc.,* 100 F. Supp. 2d 137, 139 (N.D.N.Y. 2000).

### *The Court has Discretion to Dismiss the NYSHRL and NYCHRL Claims for Lack of Supplemental Jurisdiction*

Should the Court dismiss Plaintiff's ADA claims, LIU respectfully requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's State and City law claims. *See* 28 U.S.C. § 1367(c)(3). The Second Circuit has held that, in general, "if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Mabry v. Neighborhood Defender Serv.,* 769 F. Supp. 2d 381, 402 (2d Cir. 2011).

### **CONCLUSION**

LIU respectfully submits that the RTS Notice is invalid because the EEOC issued it upon request instead of waiting the mandatory 180-day period and, as such Plaintiff has not exhausted her administrative remedies. For these reasons, LIU respectfully requests that the Court schedule a pre-motion conference concerning its anticipated motion to dismiss.

Date:   February 1, 2024
        New York, New York

                                        Respectfully Submitted,
                                        CLIFTON BUDD & DeMARIA, LLP

                                        By: *Stefanie Toren*
                                            _____
                                            Douglas P. Catalano
                                            Stefanie Toren

cc:     Brian K. Robinson, Esq.