```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  CECILIA PRICHARD,

                    Plaintiff,            MEMORANDUM & ORDER
                                           23-CV-09269(EK)(LB)

              -against-

  LONG ISLAND UNIVERSITY,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Cecilia Prichard worked for defendant Long Island University ("LIU") as a financial aid counselor. In 2022, following a kidney transplant, she was terminated because she had exhausted the leave available under the Family Medical Leave Act ("FMLA") and yet remained unable to attend work. Prichard then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming that she had been fired because of her disability. The EEOC issued her a right-to-sue ("RTS") letter a mere fifty-seven days later.

        Prichard subsequently brought this action under the Americans with Disabilities Act ("ADA"). LIU now moves to dismiss. The school contends that Prichard has failed to satisfy the statutory precondition that her charge of discrimination be pending with the EEOC for the required 180-day period. Thus, LIU argues, Prichard's RTS letter is defective.

For the reasons outlined below, that motion is granted and Prichard's claim is remanded to EEOC.

## I. Background

**A. Factual Background**

Prichard began working for LIU's Financial Aid Office in July 2007. Complaint ¶ 10, ECF No. 1. A few years later, she was diagnosed with end stage renal failure and underwent dialysis treatments for approximately ten years. *Id.* When Prichard finally received a kidney transplant, she applied for — and was granted — three months of FMLA leave. *Id.* Shortly after her return to work, Prichard's medical providers recommended that she take an additional three months of leave. *Id.*

In October 2022, LIU terminated Prichard's employment because she had already exhausted her FMLA time. *Id.* ¶ 11.

**B. Procedural Background**

Prichard filed a Charge of Discrimination with the EEOC on July 24, 2023, alleging discrimination on the basis of disability. Compl. ¶ 16.

Fifty-seven days later, at Prichard's request, the EEOC issued a right-to-sue ("RTS") letter to Prichard notifying her that the EEOC's processing of the complaint would not be complete within 180 days of its filing, that the EEOC was

terminating the processing of the complaint, and that Prichard could sue LIU under the ADA. *Id.* ¶ 17.

Prichard then timely brought this action. She sues for violation of the ADA, the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL").

## II. Discussion

LIU's motion turns on the validity of the RTS letter. The ADA incorporates the procedural requirements of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a); *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Accordingly, Prichard must have a valid RTS letter to bring this action. *See Newsome v. Berman*, 24 F. App'x 33, 34 (2d Cir. 2001) ("The right to sue letter is a necessary prerequisite to filing suit.").[1] The EEOC exceeded its statutory authority in issuing Prichard's RTS letter, so the letter is invalid and LIU's motion is granted.

### A. Legal Background

Title VII directs the EEOC to issue a RTS letter in two circumstances: if the EEOC dismisses the case or if 180 days have passed since the filing of a complaint and the EEOC has not completed its investigation. The statute states:

> If a charge filed with the Commission . . . is
> dismissed by the Commission, or if within one hundred

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

> and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(f)(1).

As that passage makes clear, the statute does not authorize the EEOC to issue a RTS letter for a charge it has not dismissed less than 180 days after the charge is filed. Nevertheless, the EEOC has issued a rule purporting to enable it to issue a RTS letter earlier, at the request of the aggrieved party and as long as an appropriate EEOC official certifies that it is "probable that the Commission will be unable to complete" the investigation within 180 days.  29 C.F.R. § 1601.28(a)(2). The validity of Prichard's RTS letter therefore turns on the validity of the EEOC's regulation and the Court's interpretation of the statutory text.

The circuits are split as to whether the EEOC's rule is valid, though several of those upholding the regulation did so after finding the statute ambiguous and deferring on to the agency's interpretation under *Chevron*.  *Compare Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251 (9th Cir. 1980) (holding that the regulation is valid), *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994) (same), and *Walker v. United Parcel*

4

*Serv., Inc.*, 240 F.3d 1268 (10th Cir. 2001) (same, applying *Chevron* deference), *with Martini v. Federal Nat. Mortg. Ass'n*, 178 F.3d 1336 (D.C. Cir. 1991) (invalidating regulation), and *Moteles v. Univ. of Penn.*, 730 F.2d 913, 917 (3d Cir. 1984) (opining in dicta that "premature resort to the district court should be discouraged as contrary to congressional intent").

The Second Circuit has not addressed this question and district courts in the circuit have decided it both ways. *Compare Gibb v. Tapestry, Inc.*, No. 18-CV-6888, 2018 WL 6329403 (S.D.N.Y. December 3, 2018) (statutory text prohibits early RTS letters) *and Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 19-CV-5458, 2021 WL 2634915 (E.D.N.Y. June 25, 2021), *vacated for mootness on appeal*, No. 21-1653-CV, 2022 WL 1087144 (2d Cir. April 12, 2022) (same), *with Germain v. Nielsen Consumer LLC*, 655 F. Supp. 3d 164, 178 (S.D.N.Y. 2023) (holding text ambiguous and finding the EEOC's interpretation reasonable under *Chevron*).

**B.  The EEOC's regulation is incompatible with the text of Title VII.**

Courts, not agencies, determine statutory meaning. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 401 (2024). Although agencies sometimes have discretion to "fill up the details" of a statutory scheme, the role of a reviewing court is to "independently interpret the statute and effectuate the will of Congress."  *Id.* at 395.

5

Title VII gives the EEOC the authority "to issue, amend, or rescind suitable procedural regulations to carry out the provisions" of the statute.  42 U.S.C. § 2000e-12(a).  However, the EEOC's rule authorizing early RTS letters conflicts with the statutory text.  *See Stidhum*, 2021 WL 2634915, at *3.  The relevant provision states that if the EEOC has dismissed a charge, or alternatively if 180 days have passed and it has not initiated a lawsuit or completed conciliation, it "shall so notify the person aggrieved."  42 U.S.C. § 2000e-5(f)(1).  The provision then states that the recipient of "such notice" may bring a civil suit in federal court within ninety days.  *Id.*  The phrase "such notice" indicates that the type of notice giving an aggrieved party the right to sue is limited to the type of notice discussed earlier in the provision, *i.e.*, notice that the charge has been dismissed or that 180 days have passed without either of the two relevant conditions occurring.  *See Stidhum*, 2021 WL 2634915, at *3-*4; *Gibb*, 2018 WL 6329403, at *5.[2]

---

[2] The requirement of a valid RTS letter is not jurisdictional; it is, however, a "necessary prerequisite to filing suit."  *Newsome*, 24 F. App'x at 34 (2d Cir. 2001); *see Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019) ("[N]onjurisdictional claim-processing rules . . . seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.").  Claims processing rules — even when mandatory — *may* be waived in certain circumstances by the application of equitable doctrine.  For this Court to avoid remand on such a basis, however, would effectively ratify the EEOC's misinterpretation of Title VII.  In this scenario, courts remand to the EEOC.  *See Martini*, 178 F.3d at 1348; *Stidhum*, 2021 WL 2634915, at *5.  A robust (and persuasive) recitation of the flawed incentives that would arise absent remand appears in *Stidhum*, 2021 WL 2634915, at *4.

6

Prichard's assertion that deference is due the EEOC's interpretation of the statute effectively urges this court to operate in a parallel universe in which *Loper Bright* had been decided the other way. No case that Prichard cites (or that the Court has identified) sided with the EEOC on textual grounds without according deference: they either deferred to the agency pre-*Loper Bright*, or relied primarily on policy considerations. *E.g.*, *Germain*, 655 F. Supp. 3d at 178; *Saulsbury*, 644 F.2d at 1257. Neither approach now suffices to overcome the plain text of the statute.

### III. Conclusion

Because Prichard's RTS letter is not valid, Defendant's motion is granted and her ADA claim is dismissed without prejudice. The EEOC is directed to reopen Prichard's charge. Prichard may re-file this action if the EEOC provides her with a notice in accordance with the statute — *i.e.*, that it has either dismissed her claim, or investigated her claim for 123 more days and neither filed a lawsuit nor entered into a conciliation agreement.

Prichard's state-law claims are also dismissed without prejudice. Both parties agree that if the ADA claim is dismissed, the state claims should also be dismissed without prejudice. *See* Mem. in Opp. to Mot. to Dismiss 10, ECF No. 16;

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025).

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    July 30, 2025
          Brooklyn, New York